IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Criminal No. SAG-06-411/ |
| | * | Civil Case No. SAG-20-1744 |
| | * | |
| DELRAY RANDALL | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Currently pending is a 28 U.S.C. § 2255 habeas petition filed by defendant Delray Randall. Randall contends that his 2006 conviction under 18 U.S.C. § 922(g)(1) is defective in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because the Court did not advise him at the time of his guilty plea that an element of the offense required his knowledge that he was prohibited from possessing firearms. This Court has reviewed Randall's motion and the Government's opposition. ECF 48, 56. No reply has been filed and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, Randall's Motion will be denied.

28 U.S.C. § 2255 allows a motion to be filed by "[a] prisoner in custody under sentence of a court established by Act of Congress[.]" Randall filed his motion on June 10, 2020. ECF 48. Randall received a 78-month sentence, plus supervised release, back in 2006. ECF 22. The Court docket shows he received six months imprisonment after a violation of supervised release in April, 2013, with no further supervised release imposed. ECF 45. There is accordingly no possibility that Randall was "a prisoner in custody under sentence of a court established by Act of Congress" nearly seven years later when he filed this petition. He is therefore ineligible for relief pursuant to § 2255.

Although this Court need not reach the issue, Randall's *Rehaif* claim would also fail on its merits in light of the Supreme Court's decision in *Greer v. United States*, 139 S. Ct. 2191 (2019). The record conclusively demonstrates that Randall had received one year of imprisonment for possession of marijuana in 1999, plus two years of imprisonment, partially suspended, for CDS possession with intent to distribute in 1999.  ECF 56-2 ¶¶ 26-28.  Randall therefore knew he had been convicted of a crime punishable by more than one year in prison and cannot show a "'reasonable probability' that the outcome of the district court proceeding would have been different" had he been informed of the knowledge requirement before his guilty plea.  *Greer*, 141 S. Ct. at 2100.  Randall's *Rehaif* Motion, ECF 48, will be denied by separate order.

## CERTIFICATE OF APPEALABILITY

This Court must "issue or deny a certificate of appealability when it issues a final order adverse to the applicant."  *See* Rule 11(a) of the Rules Governing § 2255 Cases.  A certificate of appealability is a jurisdictional prerequisite to an appeal from this Court's order, and should issue only where there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This Court has considered the record and finds that Randall has not made the requisite showing by demonstrating that reasonable jurists would find this Court's assessment of the claim debatable or incorrect.  *See, e.g.*, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001).  Accordingly, a certificate of appealability is denied.


DATE: August 18, 2022                              _____/s/_____
                                                   Stephanie A. Gallagher
                                                   United States District Judge